**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:25-cv-01991-SKC-MDB

ARCHIE MORGAN,

        Plaintiff,

v.

V2X, INC.,

        Defendant.

---

## JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

---

Pursuant Federal Rule of Civil Procedure 26(c)(1), Plaintiff Archie Morgan ("Plaintiff" or "Mr. Morgan") and Defendant V2X, Inc. ("Defendant" or "V2X," and, with Plaintiff, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to enter the parties' proposed Stipulated Protective Order, attached as Exhibit A, to protect against the discovery and dissemination of personal, confidential, proprietary, or other sensitive information.

In support of this Joint Motion, the parties state as follows:

1.    Pursuant to D.C.COLO.LCivR 7.1(A) and Federal Rule of Civil Procedure 26(c)(1), the undersigned counsel hereby certify that they have conferred in good faith regarding this Motion and the Proposed Stipulated Protective Order, which is attached as Exhibit A to this Motion. The undersigned counsel now jointly

1

request that the Court enter the Stipulated Protective Order attached as <u>Exhibit A</u> as an Order of this Court.

2.      Federal Rule of Civil Procedure 26(c) provides for the issuance of blanket protective orders limiting the disclosure of certain information where there is a "threshold showing of good cause to believe that discovery will involve confidential or protected information." *Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000). Indeed, such orders "serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention." *Id.*

3.      The parties agree that a blanket protective order is necessary to protect personal, confidential, and proprietary information.

4.      Plaintiffs' Amended Complaint alleges generally that V2X discriminated against Plaintiff, subjected Plaintiff to a hostile work environment, and retaliated against Plaintiff because of his race and national origin under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), retaliated against him for making a protected disclosure under 10 U.S.C. § 4701 ("DCWPA"), and engaged defamed Plaintiff. *See generally* Compl. [ECF No. 1]. Defendant denies the allegations in Plaintiff Amended Complaint and will raise affirmative defenses against Plaintiff's action. Plaintiff also alleges emotional distress and punitive damages.

5.      Given the nature of the case, there is good cause to believe discovery will involve the disclosure of confidential information, all of which normally is required to

be maintained confidentially. Because Plaintiff's Amended Complaint arises from allegations of, discrimination and reporting sexual harassment, among other things, the employment information for Plaintiff and other of V2X's employees will be at issue, in addition to sensitive information pertaining to the sexual harassment allegations. Furthermore, the parties anticipate that documents relating to Defendant's contracts with the United States government may be at issue, including potentially classified information and trade secrets. Other confidential information subject to protection that could be subject to discovery in this case includes, without limitation, confidential and proprietary information regarding services, customers, and business strategies, as well as confidential financial, business, and legal information, confidential employee information, and personal information of non-parties.

6. The Parties reasonably expect that discovery will likely require production of confidential and/or proprietary information by the Parties.

7. Based on the foregoing, the Parties reasonably believe that no Party should be allowed to disclose the properly designated confidential and/or proprietary information of another Party, and that properly designated confidential and proprietary information should be protected against public disclosure.

8. Entering a blanket Protective Order at this time will minimize costs and delays associated with judicial intervention in disputes regarding production during discovery of confidential and/or proprietary information.

3

9.      Accordingly, in order to facilitate the expeditious exchange of information while protecting the confidentiality of any such confidential and/or proprietary information without the costs and delays associated with judicial intervention, the Parties request that the Court enter the attached Stipulated Protective Order as an Order of the Court.

**WHEREFORE**, the Parties respectfully requests that this Court approve the Stipulated Protective Order, filed contemporaneously herewith as Exhibit A, and make it an Order of this Court.

Respectfully submitted this 26th day of September 2025.

*/s/ Archie Morgan*
Archie Morgan
14514 Pearl Flats
San Antonio, TX 78253
Telephone: 573.225.5536
Email: keon_keon2@hotmail.com

Pro Se Plaintiff

*/s/ David C. Gartenberg*
David C. Gartenberg
dgartenberg@littler.com
Billie Jo M. Risheim
brisheim@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Facsimile:   303.629.0200

Attorneys for Defendant
V2X, Inc.

4