**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:25-cv-01991-SKC-MDB

ARCHIE MORGAN,

      Plaintiff,

v.

V2X, INC.,

      Defendant.

---

## V2X'S MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER

---

Pursuant Federal Rule of Civil Procedure 26(c), Defendant V2X, Inc. ("Defendant" or "V2X"), by and through its undersigned counsel, respectfully moves the Court to amend the Stipulated Protective Order [ECF No. 30] in the form attached as Exhibit A, to further protect against the discovery and dissemination of personal, confidential, proprietary, or other sensitive information specifically with regards to Plaintiff's admitted use of artificial intelligence ("AI") in this case.[1] In support of this Motion, V2X states as follows:

1.     On September 26, 2025, this Court granted the Parties' Motion for Entry of a Stipulated Protective Order [ECF Nos. 29-30] (the "Protective Order").

2.     On February 8, 2026, Plaintiff responded to V2X's written discovery requests (the "Discovery Responses" or "Responses").

---

[1] Also attached to this Motion is Exhibit B, which reflects V2X's proposed revisions to the Stipulated Protective Order [ECF No. 30] in redline.

3. In his Discovery Responses and the Privilege Log he submitted with the Responses, Plaintiff represented that he is utilizing "AI Tools & Outputs" and "AI analysis . . . to look at evidence" in this case. *See* <u>Exhibit C</u> (Privilege Log).

4. Plaintiff's representation seriously concerns V2X. Without appropriate safeguards, the submission of such evidence to AI tools could result in V2X's confidential information being disclosed to third parties. *See, e.g., United States v. Heppner*, No. 25 CR. 503 (JSR), 2026 WL 436479, at *2 (S.D.N.Y. Feb. 17, 2026) (ordering disclosure of AI work product, in part, "because the written privacy policy to which users of Claude consent provides that Anthropic collects data on both users' 'inputs' and Claude's 'outputs,' that it uses such data to 'train' Claude, and that Anthropic reserves the right to disclose such data to a host of 'third parties,' including 'governmental regulatory authorities'").

5. As a result, over the following weeks, counsel for V2X conferred with Plaintiff over e-mail and telephone to determine whether and to what extent he has submitted V2X's confidential and proprietary information into an AI tool.

6. As part of these conferrals, on February 17, 2026, V2X asked Plaintiff whether he would agree to amend the Protective Order entered in this case to include reasonable limitations on the use of AI to process confidential information. Specifically, V2X inquired whether Plaintiff would agree to insert the following language into the Protective Order:

> **Restrictions on Use of AI to process Confidential or Highly Confidential Information**:  Absent notice to and written permission

from the producing party, any person or entity authorized to have access to Confidential Information under the terms of this Order:

a.     shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow access to Confidential Information, in whole or in part – including metadata, unless such application, service or analytical software:

i.     does not further transfer the Confidential Information to another provider, unless the receiving party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that party to comply with its obligations under this Protective Order; and

ii.     provides the receiving party the ability to remove or delete from the system all Confidential information.

b.     shall not permit any Confidential Information to be used to train any artificial intelligence tool.

These restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude, and similar tools or applications.

7.     However, Plaintiff has not agreed to this proposed language, nor has he proposed alternate language for V2X to consider.

8.     Multiple courts in this District have entered protective orders with the same or substantially similar language regarding the use of AI. *E.g.*, Stipulated Protective Order Concerning Confidential Information, *Herrera v. Zillow Group*, Case No. 1:25-CV-02984-RMR-STV (D. Colo. Jan. 9, 2026), ¶ 12; Protective Order, *Shaw v. Salesforce, Inc.*, Case No. 1:25-cv-01372-PAB-STV (D. Colo. Dec. 19, 2025), ¶ 22.

9.     In order to facilitate the continued expeditious exchange of information while protecting the confidentiality of any such confidential and/or proprietary information, including with respect to AI, V2X requests that the Court enter the

attached Amended Protective Order as an Order of the Court.

10. For the avoidance of doubt, it is not V2X's position that Plaintiff cannot utilize AI tools to assist him in this case, but only that Plaintiff (and V2X) be bound to appropriate restrictions to protect the parties' confidential information.

11. **Conferral Certification.** Pursuant to D.C.COLO.LCivR 7.1(A) and Federal Rule of Civil Procedure 26(c)(1), V2X certifies that it conferred in good faith regarding this Motion and the Proposed Amended Protective Order, attached as Exhibit A, including through multiple e-mail exchanges and a telephone call on February 26, 2026. Following the telephone call, the parties came to terms on resolution of Plaintiff's Motion to Compel [ECF No. 48]: V2X agreed to produce "the full insurance agreement" Plaintiff sought in his motion to compel, and Plaintiff agreed to refrain from submitting the insurance agreement into any AI tool pending resolution of this motion to amend the protective order.

12. However, Plaintiff does not agree to the new language regarding AI contained in the Amended Protective Order.

13. During the parties' conferrals, Plaintiff also declined to provide information to V2X regarding the identity of the tool he is using in this case beyond describing it as "enterprise-grade AI" and representing that it has appropriate confidentiality safeguards in place. However, V2X has been unable to independently verify if Plaintiff's representations regarding his AI tool are accurate.

**WHEREFORE**, V2X respectfully requests that this Court approve the

Protective Order, filed contemporaneously herewith as <u>Exhibit A</u>, and make it an Order of this Court. V2X also requests the Court order Plaintiff to disclose the identity of the AI tool he is utilizing in this case so that V2X can determine whether it does, in fact, have appropriate safeguards in place regarding V2X's confidential information.

Respectfully submitted this 2nd day of March 2026.

*/s/ David C. Gartenberg*

David C. Gartenberg
dgartenberg@littler.com
Carolyn B. Theis
ctheis@littler.com
Billie Jo M. Risheim
brisheim@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200

Attorneys for Defendant
V2X, Inc.

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

In accordance with the Court's Standing Order for Civil Cases, Defendant V2X, Inc. certifies that no portion of this filing was drafted by artificial intelligence.

*/s/ David C. Gartenberg*
David C. Gartenberg

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of February 2026, I electronically filed the foregoing **V2X's MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, and will send notification of such filing by U.S. Mail to the following:

Archie Morgan
14514 Pearl Flats
San Antonio, TX 78253
Telephone: 573.225.5536
Email: keon_keon2@hotmail.com

*Pro Se Plaintiff [E-Filing ]*

*/s/ Patricia Perez*
Patricia Perez, Legal Assistant