FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3/18/2026
JEFFREY P. COLWELL, CLERK

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:25-cv-01991-SKC-MDB

ARCHIE MORGAN,

Plaintiff,

v.

V2X, INC.,

Defendant.

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER (ECF No.52)

---

Plaintiff, Archie Morgan, respectfully submits this Response to Defendant's Motion to Amend the Stipulated Protective Order (ECF No. 52).

### 1. Agreement in Principle on Data Security

Plaintiff does not oppose the underlying objective of amending the Protective Order to ensure the safeguarding of highly confidential and confidential discovery materials when utilizing modern litigation support technologies. Data security is paramount, and Plaintiff agrees that strict, mutual protocols should govern both parties.

### 2. Objection to Defendant's Proposed Language

Plaintiff objects to the specific language proposed by the Defendant in Exhibit B of ECF No. 52. Defendant's proposed restrictions are overly broad, technologically vague, and improperly attempt to dictate the specific litigation strategies and

1

work-product tools utilized by a *pro se* litigant. Furthermore, Defendant's language fails to account for the capabilities of professional-grade, closed-circuit platforms that already ensure strict data isolation and prohibit machine learning training on user data.

**3. Objection to Defendant's Request to Compel Disclosure (FRCP 26(b)(3))**

In its prayer for relief (ECF No. 52 at p. 5), Defendant quietly requests that the Court order Plaintiff to "disclose the identity of the AI tool he is utilizing." Plaintiff strongly objects to this demand.

The specific software, research platforms, and analytical tools chosen by a litigant to review discovery, synthesize information, and prepare for trial fall squarely under the Work-Product Doctrine, codified in Federal Rule of Civil Procedure 26(b)(3). The Supreme Court has long held that a party's legal strategy, mental impressions, and preparation materials are shielded from opposing counsel to prevent "unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, (1947). The selection and use of specific litigation support tools reveal a party's mental impressions, case strategy, and legal resource allocation. Defendant has cited no legal authority—because none exists—that entitles them to audit the specific names of opposing counsel's or a *pro se* litigant's proprietary work-product platforms, provided those platforms comply with the security strictures of a Protective Order.

Furthermore, Defendant's reliance on recent District of Colorado protective orders—namely, Herrera v. Zillow Group, Case No. 1:25-CV-02984-RMR-STV (D.

Colo. Jan. 9, 2026) and Shaw v. Salesforce, Inc., Case No. 1:25-cv-01372-PAB-STV (D. Colo. Dec. 19, 2025), —fails to establish binding precedent. While those orders were entered in this District, Defendant is citing to mere procedural orders entered where the parties mutually agreed (stipulated) to specific terms, not to binding judicial opinions analyzing the Work-Product Doctrine. The fact that other litigants may have chosen to mutually stipulate to specific AI restrictions in their respective cases does not override Plaintiff's fundamental right to protect his proprietary litigation strategy and work-product tools from opposing counsel's unwarranted intrusion under FRCP 26(b)(3).

Defendant's reliance on *United States v. Heppner*, No. 25 CR. 503 (JSR), 2026 WL 436479, at \*2 (S.D.N.Y. Feb. 17, 2026) is factually and legally misplaced. *Heppner* involved a represented criminal defendant who waived confidentiality by uploading information to a public, consumer-grade AI. In contrast, Plaintiff operates as a *pro se* litigant whose secure litigation tools are fully protected under the Work-Product Doctrine (FRCP 26(b)(3)(A)) and strictly comply with the Protective Order. The cases are fundamentally distinguishable on three grounds:

    A. The Tool: The flaw in *Heppner* was the use of a free AI platform whose Terms of Service explicitly permitted third-party data sharing and model training, destroying any reasonable expectation of confidentiality. Conversely, as established in Plaintiff's Sworn Affidavit, Plaintiff utilizes paid, professional-grade platforms. These tools operate in an isolated, AES-256 encrypted environment where

the provider is contractually prohibited from accessing, sharing, or training on user data.

B. The User: The Court ruled that a represented client acting independently of their counsel cannot generate protected work product. Plaintiff, however, is proceeding *pro se*. Under FRCP 26(b)(3)(A), work-product protection expressly applies to materials prepared "by or for another party." Because Plaintiff is the legal strategist, his mental impressions and the specific tools selected to build his case are inherently protected.

C. The Purpose: The defendant in *Heppner* improperly attempted to claim an attorney-client privilege with an AI program to obtain legal advice. Plaintiff makes no such claim. Plaintiff utilizes the software strictly as an encrypted litigation support tool—analogous to e-discovery platforms utilized by major law firms, such as Westlaw or Relativity—to securely process and synthesize discovery materials as part of his own work product.

**4. Correction of the Record Regarding Plaintiff's Conferral**

Defendant asserts in paragraph 7 of its Motion that Plaintiff has "not agreed to this proposed language, nor has he proposed alternate language for V2X to consider." This is factually inaccurate. As detailed in Plaintiff's concurrently filed *Notice of Clarification*, Plaintiff proposed specific security protocols and a sequential 72-hour

production timeline as early as February 19, 2026, and actively conferred on alternative approaches prior to Defendant filing the instant motion.

**5. Plaintiff's Proposed Alternative Language**

In lieu of Defendant's proposed language, Plaintiff requests that the Court adopt a neutral, security-focused amendment that applies equally to both parties without violating the work-product privilege. Plaintiff proposes the following language be added to the Protective Order:

> *"Any party utilizing third-party software, cloud-based platforms, or artificial intelligence tools for the storage, processing, review, or analysis of Confidential Information must ensure that such tools operate within a secure, closed-circuit environment. No Confidential Information may be uploaded to any platform or service whose Terms of Service permit the provider to utilize the uploaded data for the training of Large Language Models (LLMs), machine learning algorithms, or for any internal human-in-the-loop review."*

**6. Sworn Assurance of Compliance**

To demonstrate good faith and immediate compliance with this strict standard, Plaintiff has concurrently filed a Sworn Affidavit of Cybersecurity Compliance on the docket. As detailed in the Affidavit, Plaintiff exclusively utilizes professional-grade environments with AES-256 encryption, multi-factor authentication, and strict data-isolation protocols that prohibit the service provider from accessing or training on the uploaded discovery materials.

**CONCLUSION**

Plaintiff respectfully requests that the Court DENY the Defendant's specific proposed language and its improper request to compel the disclosure of Plaintiff's work-product tools in ECF No. 52. Plaintiff requests that the Court instead adopt Plaintiff's proposed alternative language to ensure equal, technology-neutral data security for both parties.

Dated: March 18, 2026
Respectfully submitted,
*/s/ Archie Morgan*
Plaintiff, Pro Se

## ARTIFICIAL INTELLIGENCE CERTIFICATION

In accordance with the Court's Standing Order for Civil Cases, Plaintiff certifies that no portion of this filing was drafted by artificial intelligence.

*s/ Archie Morgan*
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER (ECF No.52)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

David Gartenberg
Carolyn Theis
Billie Jo Risheim
Littler Mendelson, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
Telephone: 303.629.6200

*s/ Archie Morgan*
Plaintiff, Pro Se