## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.: 1:25-cv-01991-SKC-MDB

ARCHIE MORGAN,

       Plaintiff,

v.

V2X, INC.,

       Defendant.

---

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER

---

V2X respectfully submits this Reply in support of Its Motion to Amend the Stipulated Protective Order ("Motion") [ECF No. 52].[1] In his Response (ECF No. 58), Mr. Morgan argues the language V2X proposed in Exhibit A to the Motion (ECF No. 52-1) fails to account for the capabilities of professional-grade AI tools, and that he is utilizing such as a tool in this case. Mr. Morgan's characterization of V2X's proposed language is misplaced. AI is a new technology, and many generative AI tools available to the public, whether free or at a cost, lack encryption and do not guarantee data privacy. Information entered into these systems may be stored, processed, or even exposed, creating a significant risk of disclosure to third parties and undermining the purpose of court-ordered confidentiality designations.

To mitigate these risks, V2X's proposed AI provision places limited and appropriate restrictions on the use of AI tools to process information designated "Confidential." Placing appropriate conditions on the use of AI tools, like those proposed by V2X, preserves the integrity of the parties' confidentiality obligations, reduces the likelihood of inadvertent disclosure, and ensures that sensitive materials remain within secure, governed environments consistent with the protective order's intent. *See* With AI Use, Lawyers Need to Ponder Confidentiality Stipulations, BLOOMBERGLAW ("[M]any publicly available generative AI programs aren't encrypted and data input to them could become publicly available. For some public-facing

---

[1] V2X disputes Mr. Morgan's characterization of the parties' conferral efforts, but it does not see that dispute as material to the resolution of its Motion.

generative AI programs, it's possible that the information you input will be stored and used in responses to questions posed by other users or incorporated into the large language model that trained the program. In the litigation context,[…][i]f your adversary feeds the confidential document's contents into a publicly available generative AI program…and asks it to summarize the document…[y]our client's confidential information could now be exposed, subverting the purpose of the confidentiality stipulation and document designation.")[2].

While V2X appreciates that Mr. Morgan agrees with "ensur[ing] the safeguarding of highly confidential and confidentiality discovery materials," Response at p. 1, it does not see his proposed alternative language as setting sufficient safeguards. Mr. Morgan's reluctance to enter into a narrowly-tailored protective order regarding the use of AI in this case, or even to identify the AI tool he is utilizing in this case, seriously concerns V2X.

Thus, V2X respectfully requests this Court grant V2X's Motion and amend the Stipulated Protective Order and order that Mr. Morgan share information regarding the tool he is using so that V2X can verify it has appropriate confidentiality restrictions.

---

[2]   https://news.bloomberglaw.com/us-law-week/with-ai-use-lawyers-need-to-ponder-confidentiality-stipulations, (last accessed March 19, 2026). *See also Warner v. Gilbarco, Inc.*, 2025 WL 3047881, at *1 (E.D. Mich. Oct. 30, 2025 (modifying protective order to prohibit uploading "confidential" documents to any AI platform); *cf*. ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 512, at 7 (July 2024) ("Because of the uncertainty surrounding GAI tools' ability to protect such information and the uncertainty about what happens to information both at input and output, it will be difficult to evaluate the risk that information relating to the representation will either be disclosed to or accessed by others inside the firm to whom it should not be disclosed as well as others outside the firm.").

Respectfully submitted this 23rd day of March, 2026.

/s/ David C. Gartenberg

David C. Gartenberg
Carolyn B. Theis
Billie Jo M. Risheim
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Email: dgartenberg@littler.com
        catheis@littler.com
        brisheim@littler.com

*Attorneys for Defendant V2X, Inc.*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

In accordance with the Court's Standing Order for Civil Cases, Defendant V2X, Inc. certifies that no portion of this filing was drafted by artificial intelligence.

*/s/David C. Gartenberg*
David C. Gartenberg

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March 2026, I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, and will send notification of such filing by U.S. Mail to the following:

Archie Morgan
14514 Pearl Flats
San Antonio, TX 78253
Telephone: 573.225.5536
Email: keon_keon2@hotmail.com

*Pro Se Plaintiff [E-Filing ]*

*/s/ Elisabeth L. Egan*
Elisabeth L. Egan

4910-7910-6457