# EXHIBIT A TO DEFENDANT'S NOTICE REGARDING PLAINTIFF'S USE OF AI TOOLS

## *Archie Morgan v. V2X, Inc.*

## Case No.: 1:25-cv-01991-SKC-MDB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:25-cv-01991-SKC-MDB

ARCHIE MORGAN,

Plaintiff,

v.

V2X, INC.,

Defendant.

---

**PLAINTIFF'S NOTICE OF DISCLOSURE OF AI PLATFORM AND COMPLIANCE WITH AMENDED PROTECTIVE ORDER**

---

Pursuant to the Court's Order dated March 30, 2026, Plaintiff, proceeding *pro se*, hereby provides this Notice to disclose the artificial intelligence (AI) platform utilized to process the single Defendant-designated CONFIDENTIAL document (Bates V2X_000036-000046). This Notice further demonstrates that Plaintiff's platform strictly complies with the requirements set forth in Paragraph 12 of the Amended Protective Order.

**1.** Disclosure of AI Platform: In compliance with the Court's March 30, 2026 Order, Plaintiff discloses that he utilizes professional, enterprise-grade AI tools provided through Google Cloud Platform (GCP). Plaintiff does not use standard, public-facing consumer AI tools (such as standard ChatGPT, public Gemini, or Claude) for processing Confidential Information. Rather, Plaintiff utilizes a secure,

enterprise-level GCP environment governed by the Google Cloud Terms of Service (ToS) and the Cloud Data Processing Addendum (CDPA). To provide the requisite factual and legal support mandated by Paragraph 12 of the Amended Protective Order, Plaintiff has attached the applicable GCP ToS and CDPA as Exhibits hereto. These exhibits serve as the required written documentation proving the AI provider is contractually prohibited from training on user inputs, prohibited from disclosing inputs to unauthorized third parties, and contractually affords Plaintiff the ability to delete all data upon request.

2. Compliance with Paragraph 12 of the Amended Protective Order: Paragraph 12 of the Amended Protective Order requires that any AI provider be contractually prohibited from using inputs to train models, restricted from disclosing inputs to third parties, and required to afford the user the ability to delete data . The enterprise GCP agreements strictly satisfy these requirements as follows:

> **__Prohibition on Model Training:__** The Amended Protective Order requires that the AI provider be contractually prohibited from storing or using inputs to train or improve its model. Under Section 5.2 of the Google Cloud ToS, Google is contractually bound to "only access, use, and otherwise process Customer Data in accordance with the Cloud Data Processing Addendum and will not access, use, or process Customer Data for any other purpose". Furthermore, Section 5.2.1 of the CDPA dictates that Google processes Customer Data only in accordance with the customer's instructions to

"provide, secure, and monitor the Services" . Google is contractually prohibited from using Customer Data to train its foundational AI models.

**Prohibition on Unauthorized Third-Party Disclosure:** The Amended Protective Order requires that the AI provider be contractually prohibited from disclosing inputs to third parties except where essential for service delivery, and that any such third party be bound by obligations no less protective . Section 7.1 of the Google Cloud ToS binds Google to strict confidentiality regarding Customer Data . If Google engages third-party subprocessors, Section 11.3 of the CDPA requires Google to ensure via written contract that the subprocessor only accesses and uses data to perform subcontracted obligations and is bound by the same data protection obligations .

**Guaranteed Data Deletion:** The Amended Protective Order requires that the user have the contractual ability to remove or delete all Confidential Information upon request. Section 6.1 of the CDPA explicitly guarantees that Google will enable the customer to delete Customer Data during the term of the agreement, and Google must comply with this deletion instruction within a maximum of 180 days .

**Retention of Written Documentation:** The Amended Protective Order requires retention of written documentation of these contractual protections. Plaintiff retains copies of the applicable Google Cloud Platform Terms of

Service and the Cloud Data Processing Addendum as proof of these contractual guardrails.

3. Request for Reciprocal Compliance Confirmation Pursuant to Paragraph 12 of the Amended Protective Order, "No party or authorized recipient" is exempt from the strict privacy, data retention, and documentation requirements regarding the use of artificial intelligence. Plaintiff has produced highly sensitive, designated CONFIDENTIAL Information in this litigation, and the ongoing discovery process will involve the production of further confidential information, including private medical records and financial information. Accordingly, Plaintiff hereby formally requests confirmation that defense counsel has retained the required written documentation of contractual protections for any AI platform utilized by Littler Mendelson to process, review, or summarize Plaintiff's designated CONFIDENTIAL Information.

**CONCLUSION** Plaintiff has satisfied the Court's directive to disclose the name of the AI platform utilized . Because Plaintiff's enterprise Google Cloud Platform environment complies with all contractual safeguards mandated by Paragraph 12 of the Amended Protective Order , Plaintiff's storage of Confidential Information remains secure and isolated from public AI training models.

Respectfully submitted this 31 day of March, 2026.

***/s/ Archie Morgan***

Archie Morgan
14514 Pearl Flats San Antonio, TX 78253
Telephone: 573.225.5536
Email: keon_keon2@hotmail.com
Pro Se

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2026, I electronically served the foregoing PLAINTIFF'S NOTICE OF DISCLOSURE OF AI PLATFORM AND COMPLIANCE WITH AMENDED PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

David Gartenberg
Carolyn Theis
Littler Mendelson, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
Telephone: 303.629.6200

*s/ Archie Morgan*
Plaintiff, Pro Se